MARTHA JEFFRIES *et al.*

*v.*

JACOB K. DECKER *et al.*, Adm'rs.

SUMMONS, SUFFICIENCY OF. In proceedings in a County Court to sell lands for the payment of debts, a summons that distinctly informs the parties summoned of the object of the proceeding is sufficient, notwithstanding that in the body of the writ the defendants are called upon to *answer a bill in chancery*.

WRIT OF ERROR to Coles County Court; the Hon. GIDEON EDWARDS, Judge, presiding.

Jacob K. Decker and George W. Teel, administrators of John R. Jeffries, deceased, applied, by *petition*, to the County Court of Coles county, for leave to sell lands to pay the debts of the deceased.

The petition made the widow and heirs parties defendant, arayed for a summons in chancery against them, that they might appear and answer the bill, and that a guardian *ad litem* be appointed by the court to defend the minors.

A summons issued to the sheriff, commanding him to summon the widow and heirs therein named, to be and appear before the court on a certain day " *to answer a bill in chancery filed against them by Jacob K. Decker and George W. Teel, administrators of John R. Jeffries deceased, to sell lands for payment of debts.*"

The defendants, although regularly served, both by copy and reading the writ, failed to appear. Whereupon, the court made an order directing the sale in accordance with the prayer of the petition. The administrators sold the property and made report thereof to the court.

The widow and heirs then brought the record to the Supreme Court, and assigned, as error, informality of the summons; insufficiency of the return thereon by the sheriff.

Messrs. McLAIN, HENRY, READ & STEELE, for the plaintiffs in error.

Messrs. FICKLIN & SCHOLFIELD, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is a writ of error brought to reverse an order of the County Court of Coles county authorizing Decker & Teel, as administrators of John R. Jeffries, deceased, to sell lands for the payment of debts. The summons issued and served upon the heirs was as follows:

" STATE OF ILLINOIS, } *ss.*
    COLES COUNTY.        }

" *The People of the State of Illinois, to the Sheriff of Coles county, greeting:* We command you, that you summon Mar-

tha Jeffries, Elijah A. Jenkins, Ann A. Jenkins, Thomas C. Jeffries, William A. Jeffries, Augustus Jeffries, Mary J. Jeffries, Charles R. Jeffries and George H. Jeffries, to be and appear before the County Court of Coles county, on Monday, the 20th day of January, 1862, to answer to a bill in chancery filed against them by Jacob K. Decker and George W. Teel, administrators of John R. Jeffries, deceased, to sell lands for payment of debts, and have you then there this writ.

" Witness, Jacob J. Brown, clerk of said court, at Charleston, this 26th day of December, 1861.

[Seal.]         "JACOB J. BROWN, *Cl'k C. C.*,
                "By W. E. McCRORY, *Dep'ty.*"

It is objected, that, inasmuch as the foregoing summons calls upon the defendants to answer a bill in chancery, and as the County Court has no chancery jurisdiction, the heirs were justified in disregarding it, and the summons in fact was void. If the proceeding had been described in the writ only as a bill in chancery, the argument of the plaintiffs in error would doubtless be correct. But the summons goes further. It specifies the character of the proceeding in which the defendants are summoned to appear, and with such particularity that the defendants could not have been left in doubt. The defendants, when the summons was served, were distinctly informed by it, that the administrators were about to apply to the County Court for an order for the sale of lands, to pay the debts of John R. Jeffries, deceased. To call the proceeding a bill in chancery was, it is true, a misnomer, but this did not affect the validity or sufficiency of the notice. The statute prescribes no form for the summons. The object is merely to give notice of the pendency of the proceedings, and to require the defendant to appear and answer, and this was done in the present case.

It is also objected, that the return of the sheriff was insufficient. Whatever defects may have existed in the original were cured by the amended return, as we find it in the amended record filed at the present term under a writ of *certiorari.*

*Decree affirmed.*